IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CR194 |
| | ) | |
| v. | ) | |
| | ) | |
| PERCY E. GRANT, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant Percy
Grant's (hereinafter "defendant") motion to vacate, set aside, or
correct sentence because of allegations of ineffective assistance
of counsel pursuant to 28 U.S.C. § 2255 (Filing No. 130) and the
government's motion to dismiss defendant's motion under § 2255
(Filing No. 133) and motion for ruling on motion to dismiss, to
extend time for filing an answer and for order directing former
defense counsel to provide affidavits (Filing No. 135).

Defendant makes six claims of ineffective assistance of
counsel: (1) counsel was ineffective for failing to file an
appeal after being instructed to do so; (2) counsel was
ineffective during the plea bargaining process; (3) counsel
operated under a conflict of interest; (4) counsel was
ineffective when he allowed defendant to plead to a violation of
18 U.S.C. § 924(c); (5) counsel was ineffective when he allowed
defendant to plead to a violation of 18 U.S.C. § 922(g)(1); and

(6) counsel was ineffective for allowing defendant to stipulate to an enhancement under 12 U.S.C. § 851.

The government moves to dismiss these claims as untimely, noting that defendant's motion was filed more than a year -- almost two years -- after defendant's judgment became final and § 2255's one-year limitations period began to run.  The government also argues that defendant has not shown diligent pursuit of his claims, as required to allow equitable tolling of § 2255's one-year statute of limitations period.

Upon reviewing the motions, briefs, and relevant law, the Court finds defendant's motion should be denied, the government's motion to dismiss should be granted, and the government's motion for ruling on motion to dismiss, to extend time for filing an answer and for order directing former defense counsel to provide affidavits should be denied as moot.

## I. BACKGROUND

On May 21, 2008, defendant was indicted by the federal Grand Jury sitting in the District of Nebraska for controlled substance offenses.  Count I charged that from at least as early as April 2007, up to and including May 20, 2008, defendant and co-defendant knowingly and intentionally conspired together with others to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. Count II charged defendant with possession and discharge of a

-2-

firearm in furtherance of a drug crime in violation of 18 U.S.C. § 924(c).  Count III charged defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On September 23, 2008, defendant appeared before this Court with counsel Joseph L. Howard ("Howard") and knowingly and voluntarily pled guilty to all three counts without a plea agreement (Filing No. 136, pg. 6).  Howard subsequently withdrew as counsel for defendant.

On January 16, 2009, defendant appeared before this Court with counsel Wesley Dodge ("Dodge") and was sentenced to a term of 240 months imprisonment as to Count I, a term of 120 months imprisonment as to Count II, and 120 months as to Count III.  Count II was ordered to run consecutively to Count I, and the sentence of imprisonment in Count III was to run concurrently to the sentence imposed for Count I and II.  After this Court sentenced defendant, it notified him that he had the right to appeal, and that his notice of appeal had to be filed with the clerk of this Court within 10 days of the date the judgment was entered (Filing No. 129, pg. 14).

Judgment was entered on January 22, 2009, and no direct appeal was taken despite defendant's alleged request for Dodge to do so.  Thus, on February 5, 2009, defendant's time to appeal his judgment expired and his § 2255 one-year statute of limitations

began to run.  *See* Fed. R. App. P. 4(b)(1)(A), 26(a).  Defendant

further alleges:

> Receiving no information concerning
> his appeal, [he] wrote and called
> his attorney[s] Dodge and Howard
> inquiring about his appeal.  After
> receiving a letter from Howard
> [dated July 7, 2010] (Filing No.
> 130, Exhibit A), he wrote Dodge
> inquiring about his appeal.
> [Defendant] wrote the district
> court for [an] updated copy of his
> docket sheet. [This request was
> received on March 26, 2010].  After
> inspection of the docket sheet[,
> he] notic[ed] that no appeal had
> been filed.

(Filing No. 130, pg. 4-5).  On December 10, 2010, defendant

claims Dodge informed him that no appeal had been filed.

Defendant then filed his § 2255 motion on January 13, 2011.

Despite the evidence that defendant viewed his docket

sheet soon after March 26, 2010, defendant claims the earliest

date he could have discovered that an appeal had not been filed

in this case was July 7, 2010, when he was informed by Howard

that Howard did not file an appeal.  Defendant does not provide

this Court with any circumstances as to why he did not view his

docket sheet or contact his counsel in 2009 to inquire about his

appeal, or why he did not file this motion in March of 2010 or

July of 2010 -- when he respectively viewed his docket sheet and

received correspondence from Howard.  Defendant only alleges that

he did not contact his counsel because (1) he was transferred to

-4-

numerous federal facilities after his judgment became final; (2) he assumed counsel was working on his appeal, and (3) Dodge informed him he would be filing a motion after amendments to the "crack" laws were enacted.  (Defendant does not notify this Court as to when this alleged conversation with Dodge took place).  Furthermore, defendant has not provided this Court with any reason as to why he did not file a § 2255 motion regarding his other allegations (besides counsel's failure to file an appeal) contained in his current § 2255 motion within one year of his judgment becoming final.

## II. STANDARD OF REVIEW

Prisoners seeking to modify, vacate or correct their federal sentences through a § 2255 motion face a one-year statute of limitations.  *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (citations omitted).  The one-year statute of limitations for a motion pursuant to § 2255 begins to run from the latest of:

> (1) The date on which the judgment of conviction becomes final; . . .
> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2255(f).  For purposes of § 2255's one-year statute of limitations, a judgment of conviction becomes final when the time for filing an appeal has expired.  *Anjulo-Lopez*, 541 F.3d at n.2.

-5-

"The statute of limitations contained in § 2255[, however] is subject to equitable tolling." *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006).

### III. DISCUSSION

Defendant does not dispute that his § 2255 motion is untimely; however defendant has failed to provide this Court with any evidence that he was (1) pursuing his rights diligently as to the inquiry of his appeal status from February 2009 to February 2010 or that (2) some extraordinary circumstance stood in his way, preventing him from discovering before February 2010 that an appeal had not been filed in his case. *Id.* To show diligence and extraordinary circumstances, defendant provides (1) he was transferred to numerous federal facilities after his judgment became final; (2) he assumed counsel was working on his appeal; and (3) Dodge informed him he would be filing a motion after amendments to the "crack" law were enacted, although defendant does not notify this Court as to when this alleged conversation with Dodge took place.

The Eighth Circuit has held that "[such] allegations are not indicative of a reasonably diligent quest for

information." *Anjulo-Lopez*, 541 F.3d at 818.  Defendant has not explained why he was unable to communicate with anyone about his appeal while in transit, nor described any thwarted attempts to check on the status of his appeal that occurred during the period of February 2009 to February 2010.  *Id.* at 818-19.  Moreover, defendant admitted that he waited over a year to contact his counsel regarding his appeal.  *See Id.* at 819.  "Given that '[the] statute's clear policy calls for promptness,' [defendant's] efforts [fall] far short of reasonable diligence.  *Id.* (citations omitted).

      As to defendant's remaining claims for ineffective assistance of counsel, defendant has not provided this Court with any reason as to why he did not file a timely § 2255 motion regarding such when defendant had all the necessary information to do so at the time judgment was entered in his case.  Thus, the limitations period provided in § 2255(f)(4) is unavailable to defendant.  A separate order will be entered in accordance with this memorandum opinion.

      DATED this 24th day of February, 2011.

                              BY THE COURT:

                              /s/ Lyle E. Strom
                              _____
                              LYLE E. STROM, Senior Judge
                              United States District Court