IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PERCY E. GRANT,<br><br>Defendant. | **8:08CR194**<br><br>**MEMORANDUM<br>AND ORDER** |

On September 23, 2008, defendant Percy E. Grant ("Grant") pled guilty without a written plea agreement to (1) conspiring to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 846 ("Count I"); (2) possessing and discharging a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count II"); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On January 16, 2009, the Court accepted the parties' agreement (Filing No. 90) on various contested sentencing issues and sentenced Grant to 240 months imprisonment on Count I (the mandatory minimum), 120 months imprisonment on Count II (the mandatory minimum) to run concurrently with the sentence for Count I, and 120 months imprisonment on Count III (the statutory maximum) to run consecutively to the sentences for Counts I and II.  Grant did not appeal his conviction and sentence, and the Court denied (Filing Nos. 137 and 138) his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 as untimely.

Now pending before the Court is Grant's Motion to Reduce Sentence under Section 404 of the First Step Act (Filing No. 154).  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194 (2018).  Section 404 authorizes—but does not require—the Court to "impose a reduced sentence [for certain covered offenses] as if sections 2 and 3 of the Fair Sentencing Act of 2010 ["Fair Sentencing Act")] . . . were in effect at the time the

covered offense was committed." As relevant here, the Fair Sentencing Act effectively reduced the statutory mandatory-minimum penalties for certain offenses involving cocaine base by increasing the threshold drug quantities required to trigger those penalties. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372 (2010).

Grant asserts he is eligible for a reduction of what he describes as his "irrational and unfair" 240-month sentence on Count I for conspiring to traffic cocaine base. As Grant sees it, "it is highly likely that this court would have given [him] a guideline sentence" had the Fair Sentencing Act applied to his sentencing. Noting he has successfully completed some educational programs that "will ease his re-entry into society and reduce the risk of recidivism," Grant asks the Court to impose a reduced "sentence of no more than 120 months."

In response (Filing No. 156), the government agrees Grant is eligible for a reduction but urges the Court to deny any reduction as a matter of discretion because Grant's thirty-year "sentence was a negotiated resolution" of various sentencing issues that "substantially reduced [Grant's] potential sentencing exposure." In addition, the government argues Grant's history and characteristics—both before and after his conviction—weigh against any sentence reduction in this case. In particular, the government highlights Grant's criminal history, including the extensive use of firearms, gang membership, "violence, defying authority, and putting the public at risk." The Court finds the government's reasoning persuasive.

Although the parties agree Grant is eligible for a sentence reduction, the Court declines to exercise its discretion under the First Step Act to reduce Grant's sentence under the circumstances of this case. Given Grant's background and extensive criminal history, the nature and circumstances of his offense, and the fact that Grant and the government negotiated what appears to be a greatly reduced sentence, the Court finds further reduction unwarranted.

Accordingly, Grant's Motion to Reduce Sentence under Section 404 of the First Step Act (Filing No. 154) is denied.

IT IS SO ORDERED.

Dated this 23rd day of September 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge