IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>PERCY E. GRANT,<br><br>  Defendant. | 8:08CR194<br><br><br>**ORDER** |

This matter is before the Court on defendant Percy E. Grant's ("Grant") pro se "Motion to Amend Relief/Reduction of Sentence under 18 U.S.C. § 3582(c)(1), Request for Compassionate Reduction of Sentence" (Filing No. 174). Noting the dangers presented by COVID-19, Grant asks the Court to order his immediate release from prison.

Section 3582(c)(1)(A) permits Grant to move the Court to "reduce [his] term of imprisonment" for "extraordinary and compelling reasons." *Id.* § 3582(c)(1)(A)(i). But Grant can only file such a motion *after* he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (denying a defendant's motion under § 3582(c)(1)(A) because he did not give the BOP thirty days to respond to his request for compassionate release).

Grant does not say whether he has taken any steps to exhaust his administrative remedies or otherwise comply with § 3582(c)(1)(A). While the Court fully understands Grant's concerns about the risks posed by COVID-19, the Court agrees with the Third Circuit that a defendant's failure to meet one of § 3582(c)(1)(A)'s requirements for judicial review before asking the Court to reduce his sentence "presents a glaring roadblock foreclosing compassionate release at this point." *Raia*, 954 F.3d at 597 (noting "the risks

that COVID-19 poses in the federal prison system," but finding strict statutory compliance necessary, particularly given the "BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). Accordingly, Grant's motion is denied without prejudice to refiling after either of the statutory requirements is met.

    IT IS SO ORDERED.

    Dated this 15th day of September 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge