IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:08CR194 |
| v. | |
| PERCY E. GRANT, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on a letter from defendant Percy E. Grant ("Grant") to the Clerk of Court (the "Clerk") dated July 16, 2024 (Filing No. 216). The letter, which has been construed as a Motion to Reduce, asks whether "the new Gun laws as well as the Resentencing Guidelines that come[] into effect November 1, 2024," make him eligible for any sentencing relief. In particular, Grant mentions the proposed amendment related to the impact on grouping under United States Sentencing Guidelines (the "Guidelines") § 3D1.2.

Of course, neither the Clerk nor this Court can provide legal advice to a defendant. *See* 28 U.S.C. § 955 ("The clerk of each court and his deputies and assistants shall not practice law in any court of the United States."); 28 U.S.C. § 454 ("Any justice or judge appointed under the authority of the United States who engages in the practice of law is guilty of a high misdemeanor."); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (explaining that district judges are generally not obligated "to act as counsel or paralegal to *pro se* litigants" because requiring them to give legal advice "would undermine [their] role as impartial decisionmakers").

To the extent Grant indeed seeks to bring a motion before the Court, he should—as he has with previous motions (Filing Nos. 130, 154, 174)—generally give a statutory or procedural basis for his request. *Cf. United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022) (concluding "the district court is not required to investigate possible

avenues for relief" because the defendant "bears the burden to establish that" his requested relief is warranted). Different potential avenues of relief have different requirements. *See, e.g.*, 18 U.S.C. § 3582(c)(1)(A) (providing standards to modify an existing term of imprisonment and imposing barriers to judicial review); 28 U.S.C. § 2255(f) (setting a one-year limitation period), (h) (requiring that a second or successive § 2255 motion be certified); *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (denying a motion under § 3582(c)(1)(A) because the defendant did not exhaust his administrative remedies or give the BOP thirty days to respond to his request as required by the statute).

The Court further notes that any claim based on a proposed amendment to the Guidelines is premature, given that the amendments are not yet (and may never become) effective and may (or may not) be retroactive. At first blush, the Court also sees no obvious basis for reducing Grant's sentence based on the proposed Guidelines amendments in their current form and the Court's prior, thorough review of his sentence. *See United States v. Grant*, 813 F. App'x 246, 248 (8th Cir. 2020) (unpublished per curiam) (affirming the Court's decision not to reduce Grant's sentence under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, based on "Grant's background and criminal history, the nature and circumstances of [his] offense, and the fact that Grant 'negotiated what appears to be a greatly reduced sentence' with the Government,"); 18 U.S.C. § 3553(a) (listing factors to consider in deciding what sentence is "sufficient, but not greater than necessary, to comply with the purposes" sentencing).

In light of the foregoing, Percy E. Grant's letter dated July 16, 2024, which the Court construes as a Motion to Reduce (Filing No. 216), is denied.

Dated this 8th day of August 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge